**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **XIANG HAI,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1035-KC** |
| | § | |
| **MARKWAYNE MULLIN et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the case. On April 10, 2026, Xiang Hai filed a Petition

for a Writ of Habeas Corpus ("Petition"), ECF No. 1, challenging his continued detention past

his voluntary departure period unlawful and seeking his release. The Court thus ordered

Respondents to show cause why Hai's application for a writ of habeas corpus should not be

granted. Show Cause Order, ECF No. 4.

Respondents have now filed a Response in which they argue that Hai is lawfully detained

until he voluntarily departs the United States to China, pursuant to 8 U.S.C. § 1229c and the IJ's

order of pre-conclusion voluntary departure under safeguards. Resp. 3, ECF No. 10. In support,

Respondents attach the Declaration of Supervisory Detention and Deportation Officer Gilberto

Salazar ("Salazar Decl."), ECF No. 10-4. According to Salazar, Enforcement and Removal

Operations ("ERO") only has a photocopy of Hai's Chinese passport, and thus, must request a

travel document from China in order for Hai to voluntarily depart. Salazar Decl. ¶¶ 5, 7. Salazar

states that Hai alleges that ERO Los Angeles took his passport during his initial arrest. *Id.* ¶ 6.

However, according to Salazar, the passport is not in ERO El Paso nor Hai's possession. *Id.* On

April 20, ERO Headquarters, Removal and International Operations ("RIO") notified ERO El

Paso that nationality and identification verification by China "remains pending before the travel document request can be presented to [the Chinese] Embassy." *Id.* ¶ 8. Respondents, however, do not state the specific date on which the nationality and verification request was submitted to China, nor the anticipated timeline for verification or issuance of travel documents. *See generally id.*

Accordingly, the Court **ORDERS** that Respondents shall, **by no later than May 13, 2026**, **FILE** an advisory detailing the following:

(1) the date on which the nationality and identification verification was submitted to China for Hai, and the anticipated timeline for verification by China;

(2) the number of times Respondents have followed up with China regarding verification since submission of the request, the date of each follow-up, and China's response;

(3) the anticipated timeline to prepare and submit a travel document request for Hai once verification from China is received;

(4) the anticipated timeline for China to issue travel documents for Hai once the travel document request is submitted; and

(5) the anticipated timeline for Hai's removal from the country.

**SO ORDERED**.

**SIGNED this 6th day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2